IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY LEE PATMON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV390 |
| | ) | |
| V. | ) | |
| | ) | |
| WASHINGTON COUNTY JAIL, NE, TAMMY BADER, and CAROL HANNEMAN, | ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on initial review of Plaintiff's Amended Complaint. (Filing No. 8.) For the reasons that follow, the court finds that Plaintiff has failed to state a claim upon which relief can be granted. However, on its own motion, the court will allow Plaintiff to file a second amended complaint.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint names Washington County, Nebraska, Carol Hanneman ("Hanneman"), and Tammy Bader ("Bader") as Defendants. (Filing No. 8.) Plaintiff alleges that Hanneman was employed by Washington County Jail to dispense medication, and that Bader was a nurse practitioner employed by Washington County Jail. Hanneman and Bader are sued in both their official and individual capacities. Liberally construed, Plaintiff maintains that Defendants were deliberately indifferent to his medical needs in violation of his Eighth and Fourteenth Amendment rights.

Defendant alleges that he was detained at the Washington County Jail on October 13, 2015. At that time, he told Hanneman that he needed his heart medication and insulin to treat his diabetes. Hanneman contacted "Douglas County Clinic" to fax

over Plaintiff's medication list. Plaintiff claims that once the fax was received, Hanneman and Bader were aware of Plaintiff's medication needs, but failed to order his medication in a timely manner. (Filing No. 8 at CM/ECF p. 2.)

Plaintiff contends that he has congestive heart failure and that he complained about having chest pains and feeling unwell. Plaintiff wrote a request form regarding his heart medication, and Hanneman responded on November 16, 2015, stating that she needed more information. Plaintiff contends that he did not receive his heart medication until December 7, 2015.

Plaintiff also alleges that Hanneman did not provide him with his prescribed insulin, and instead provided him with a different kind. Plaintiff claims that the new insulin caused him to suffer severe itching and discomfort. Plaintiff asserts that Bader failed to respond to any of Plaintiff's request for medical care or "come to see what was going on with the Plaintiff['s] medications." (Filing No. 8 at CM/ECF p. 6.)

Plaintiff alleges that Hanneman was only hired to dispense medication, not treat inmates. Plaintiff contends that Washington County Jail was deliberately indifferent to his medical needs by allowing Hanneman to address his medical needs. Plaintiff claims that Washington County "needs to be held accountable for not having trained medical staff on standby for any serious medical issues." (Filing No. 8 at CM/ECF p. 6.)

Plaintiff seeks $2,000,000.00 in damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of

it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights because they were deliberately indifferent to his medical needs. To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. Johnson v. Hamilton, 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." Schaub v. VonWald, 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Plaintiff has failed to state a claim against Washington County. As a municipality, Washington County can only be liable under § 1983 if a municipal policy or custom caused his injury. See [Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978)](). Plaintiff has failed to plausibly suggest that an official Washington County policy or custom caused the allegedly deficient medical care. Plaintiff alleges that Washington County was deliberately indifferent to his medical needs by allowing Hanneman to provide him medical care. Plaintiff further alleges that Washington County Jail needs to be held accountable for not having trained medical staff on site. These conclusory statements are insufficient to allege a municipal policy or custom creating liability under § 1983.

Plaintiff's official capacity claims against Hanneman and Bader similarly fail. A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Washington County. See [Parrish v. Luckie, 963 F.2d 201, 203 n.1 (8th Cir. 1992)]() ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). Because Plaintiff has failed to sufficiently allege that a Washington County policy or custom caused his injury, Plaintiff's official capacity claims against Hanneman and Bader fail.

Likewise, Plaintiff has failed to state a claim against Hanneman in her individual capacity. Plaintiff's allegations do not support the inference that Hanneman refused to treat him, ignored his complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. To the contrary, according to the allegations contained in the Amended Complaint, Hanneman responded to Plaintiff's grievances and requests. In short, there is nothing that suggests that Hanneman acted with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.

Plaintiff has also failed to state a claim against Bader in her individual capacity.

4

Plaintiff alleges that he did not receive his heart medication in a timely manner and did not receive the correct type of insulin. Plaintiff alleges that Bader did not act to remedy the problems with his medication, instead relying on Hanneman. Although Plaintiff asserts he complained about chest pains, he does not allege that he told Bader and Hanneman about his symptoms. Moreover, Plaintiff did ultimately receive his medication. At most, Plaintiff's claims amount to allegations of negligence. It is well-established that mere negligence does not support an Eighth Amendment violation. *See Gregoire v. Class*, 236 F.3d 413, 418 (8th Cir. 2000).

Out of an abundance of caution, the court will grant Plaintiff leave to file a second amended complaint that states a claim upon which relief can be granted. Failure to file a second amended complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

THEREFORE ORDERED that

1. Plaintiff shall file a second amended complaint by December 30, 2016, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: December 30, 2016: check for second amended complaint.

DATED this 30th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge